

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAMERON D. REED | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| IRWIN MAUTNER, et al. | : | NO. 15-5817 |

**MEMORANDUM**

**ROBRENO, J.**                      OCTOBER   , 2015

Plaintiff Cameron Reed brings this action against Irwin Mautner, Ronald Sundick, and the United States Department of Education (DOE) in connection with educational loans he paid off in the 1990s. He seeks leave to proceed *in forma pauperis*. The Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint.

**I. FACTS[1]**

At least two decades ago, plaintiff took out a loan to pay for his education at the PSI Institute of Philadelphia. It appears that school was run by Mautner and Sundick through their company, Programming and Systems, Inc. (PSI). The complaint and a document attached to the complaint allude to a criminal indictment that issued in August of 1996 against Mautner, Sundick, and PSI, charging them with, among other things, a scheme to defraud the United States. *See United States v. Mautner*, N.D. Ohio Crim. A. No. 96-270. Public dockets reflect that Sundick pled guilty to a separately filed information in 1996, and that Mautner pled guilty in 1997. *See United States v. Mautner*, N.D. Ohio Crim. A. No. 96-270-1 (Docket No. 33); *United States v. Sundick*, N.D. Ohio Crim. A. No. 96-270-2 (Docket No. 31); *United States v. Sundick*, N.D. Ohio Crim. A. No. 96-364-1 (Docket No. 2).

---

[1] The facts are taken from the complaint and criminal proceedings referenced in the complaint.

1



Plaintiff appears to be alleging that, despite DOE's knowledge of Mautner and Sundick's fraudulent activity with respect to school loans, he was required to repay his loan, even though that loan was disqualified. DOE garnished his wages in 1992, and added a 24% collection fee. Plaintiff paid approximately $47.53 every two weeks from 1992 through 1999, until it appears his loan was paid off. In this action, plaintiff seeks the return of the monies he paid toward the loan in the amount of $4,864.62, as well as interest.

## II. STANDARD OF REVIEW

Plaintiff's motion to proceed *in forma pauperis* is granted because it appears that he is incapable of paying the fees necessary to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the complaint if it fails to state a claim. To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* The Court may also consider documents attached to the complaint and matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *see also Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013). As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

The Court understands plaintiff to be bringing a claim against DOE under the Federal Tort Claims Act (FTCA) based on an alleged fraud. However, the only proper defendant in a FTCA case is the United States. *See CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008).

In any event, an FTCA claim is barred "unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). The complaint does not indicate whether plaintiff presented his claim to DOE in accordance with the statute, and his initiation of this lawsuit approximately fifteen years after he made his last payment suggests that, even if he had named the appropriate defendant, his claims are untimely. Furthermore, in the event plaintiff sought to bring a claim pursuant to the Higher Education Act, he has not pointed to any provisions of that statute supporting a private cause of action. *See Williams v. Nat'l Sch. of Health Tech., Inc.*, 836 F. Supp. 273, 280 (E.D. Pa. 1993), *aff'd*, 37 F.3d 1491 (unpublished table disposition); *see also Banerjee v. Drexel Univ.*, Civ. A. No. 97-4618, 1998 WL 54725, at *2 (E.D. Pa. Jan. 7, 1998) ("There is nothing in the language, structure or legislative history of the HEA which indicates a Congressional intent to create an implied private right of action.").

Plaintiff's claims against Mautner and Sundick, which the Court construes as fraud claims under Pennsylvania law, are time-barred. A two year limitations period governs those claims. 42 Pa. Cons. Stat. § 5524. It is apparent from the complaint and the criminal proceedings referenced in the complaint that plaintiff knew or should have known about the events giving rise to his claims in the 1990s. As he did not file this lawsuit until 2015, his claims are time-barred.

IV.     **CONCLUSION**

For the foregoing reasons, the Court will dismiss plaintiff's complaint. Plaintiff will not be given leave to amend because it appears that amendment would be futile. An appropriate order follows, which shall be docketed separately.